UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
CHRISTINA DODGE,                        )
                                        )   No. C03-1758RSM
            Plaintiff,                  )
    v.                                  )
                                        )
JO ANNE B. BARNHART,                    )   ORDER REVERSING DECISION
                                        )   OF COMMISSIONER OF SOCIAL
            Defendant.                  )   SECURITY
_____)

This matter comes before the Court on the Report and Recommendation of the Honorable Monica J. Benton, United States Magistrate Judge, and plaintiff's objections thereto. Having reviewed the administrative record ("Tr.") and the remainder of the record, the Court finds as follows.

The Commissioner's decision must be affirmed if it is based on the proper legal standards and the findings are supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993); *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Magallanes v. Brown*, 881 F.2d 747, 750 (9th Cir. 1989). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner; in those circumstances,

ORDER REVERSING DECISION
OF COMMISSIONER

the Commissioner's conclusion must be upheld. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The reviewing court may not reweigh the evidence in the record, try issues *de novo*, or substitute its judgment for that of the Commissioner. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). However, if the benefits determination is based on legal error or is not supported by substantial evidence in the record, the Court must set aside the Commissioner's denial of Social Security insurance benefits. 42 U.S.C. § 405(g); *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

The Court adopts Magistrate Judge Benton's summary of the facts and procedural background, but declines to adopt her analysis and conclusions regarding the Administrative Law Judge's ("ALJ") assessment of plaintiff's impairment of PSVT and its subsequent impact on her residual functional capacity at step 4, evaluation of the medical evidence, and assessment of plaintiff's credibility.

The record demonstrates that Plaintiff has been diagnosed with PSVT (paroxysmal supraventricular tachycardia) causing her to suffer, for several years now, from episodes of heart palpitations and chest pain caused by stress, strenuous activity, and leaning forward. At step 2 of the disability evaluation, the ALJ found that plaintiff had severe mental impairments as well as the severe medical impairment of PSVT. Tr. 25. The ALJ also made the finding that plaintiff's impairments "cause significantly vocationally relevant limitations". Plaintiff argues that once the ALJ made these determinations, her subsequent failure in not including any potential limitations from the PSVT in assessing plaintiff's residual functional capacity (RFC), was per se legal error. Plaintiff is correct.

An impairment is deemed severe within the meaning of the Social Security Act's regulations if it imposes significant restrictions in the ability to perform basic work related functions. 20 C.F.R. 404.1521. Once the ALJ explicitly found that plaintiff suffered from a severe impairment she then needed to consider any vocationally relevant limitations resulting

ORDER REVERSING DECISION
OF COMMISSIONER                    -2-

from that impairment in the subsequent steps of the disability evaluation.  In this case, those limitations had to be considered specifically at step 4 when the ALJ assessed the plaintiff's residual functional capacity.  In assessing residual functional capacity, the ALJ must first assess the nature and extent of claimant's physical, or exertional, limitations on a function by function basis.  20 C.F.R. § 404.1545(b).  This means that the ALJ must first address the claimant's limitations and restrictions of physical strength in categories, sitting, standing, walking, lifting, carrying, pushing and pulling, or other physical functions including postural functions such as stooping, crouching or bending.  Each function must be considered separately.  Only after making these assessments can the individual's RFC be expressed in terms of the proper exertional level of work that a claimant may be able to perform, i.e., sedentary, light, medium, heavy, and very heavy.  SSR 96-8p, No. 4.

In this case, the ALJ failed to make any findings addressing what exertional limitations plaintiff's PSVT would impose after specifically finding that it was a severe impairment.  As plaintiff argues in her Objections to the Magistrate Judge's Report and Recommendation, if the ALJ believed that plaintiff was not credible about the PSVT, or if the ALJ believed that the PSVT caused no significant vocational limitations, then the ALJ needed to state these findings in her decision and explain her rationale for finding this impairment not "severe" within the meaning of the Act.  This she failed to do.  Instead, by making the specific finding that plaintiff suffered from "severe" impairments, then those impairments *must* be considered by the ALJ at all subsequent steps.  Given this error of law, the ALJ's assessment of plaintiff's RFC is flawed and the subsequent steps in the disability evaluation process must be reconsidered.

If the Court determines that the ALJ erred, it has discretion to remand for further proceedings or to award benefits.  See *Marcia v. Sullivan*, 900 F. 2nd 172, 176 (9th Cir. 1990).  The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*,

ORDER REVERSING DECISION
OF COMMISSIONER                    -3-

2298 F.3d 1072, 1076 (9th Cir. 2002).  The Court may credit the evidence before it as true and remand for an award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if she considered the claimant's evidence.

*Id.* At 1076-77.

Here, plaintiff argues that the ALJ committed other errors in reaching her decision.  The Magistrate Judge acknowledges that other errors were committed but finds them "harmless" in view of the entire record.  However, it is clear that the subsequent steps of the disability evaluation must be reassessed given the Court's previous finding regarding the flawed RFC.  That re-evaluation could easily lead to changes in any subsequent step and, ultimately, the ALJ's final decision.  In other words, there are outstanding issues that must be resolved and it is not clear from this record that the ALJ would necessarily be required to find that claimant is disabled.  Remand for additional administrative proceedings is the appropriate remedy.

On remand, the plaintiff is free to make all appropriate arguments regarding her claim of disability and the ALJ is directed to reconsider and properly evaluate the medical evidence, complete a proper PRTF assessment, and reassess plaintiff's credibility and provide specific reasons, if plaintiff's testimony is to be rejected.

For all of the foregoing reasons the decision of the Commissioner of the Social Security Administration is REVERSED and remanded for additional administrative proceedings.

DATED this 13th day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER REVERSING DECISION
OF COMMISSIONER                                              -4-